IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN G. LOEHR**

**Plaintiff,**

**vs.** **No. CIV 07-460 RB/RLP**

**ALLSTATE INSURANCE COMPANY,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion for Reconsideration or, in the Alternative, Motion to Enforce Settlement Agreement and Release [Doc. 41]. Jurisdiction arises pursuant to 28 U.S.C. §§ 1441, 1332,[1] and 1367. After reviewing both parties' submissions and the relevant law, the Court **GRANTS** Defendant summary judgment on the matters of misrepresentation, fraud, mutual mistake, and good faith and fair dealing. Accordingly, the Court also **ENFORCES** the Settlement Agreement and Release.

## I. BACKGROUND

An underinsured motorist injured Plaintiff John G. Loehr in a traffic accident in 1999. (*See* Cmplt. [Doc. 1-2] at ¶¶ 2, 4). Plaintiff obtained $25,000.00 from the tortfeasor (Def.'s Mem. Supp. Mot. Partial Summ. J. [Doc. 21] at ¶ 2), and sought $100,000.00 in fully stacked uninsured/underinsured (UM) coverage from his insurer, Defendant Allstate Insurance Company

[1] An action initiated by an insured against his own insurance company is not subject to the 28 U.S.C. § 1332(c)(1) diversity limits on direct actions against insurers. *Irvin v. Allstate Ins. Co.*, 436 F. Supp. 575, 577 (W.D. Okla. 1977).

(*id.* at ¶ 5). The parties signed a Partial Settlement Agreement and Release (Release) whereby Defendant immediately paid Plaintiff $25,000.00 and granted Plaintiff access to another $50,000.00 if the New Mexico Supreme Court invalidated Defendant's anti-stacking provision.[2] (*See* Cmplt. at ¶ 6). Following New Mexico's invalidation of the anti-stacking provision,[3] Defendant contacted Plaintiff in 2004 to address the reserved claim in the Release. (*See id.* at ¶ 7). Plaintiff and Defendant failed to agree on the amount due to Plaintiff under the reserved claim. (*See id.* at ¶ 8). Plaintiff now insists that the maximum limit on his UM coverage should equal his stacked liability insurance ($400,000.00). (*See id.* at ¶¶ 11-12).

The Court ruled on cross motions for partial summary judgment on March 17, 2008. (Mem. Op. & Order). The Court found that the Release was unambiguous and limited Plaintiff's claim to $50,000.00. (*See id.* at 14). Because of this finding, the Court did not reach Plaintiff's argument contending that New Mexico law requires UM coverage to equal liability coverage unless the insured rejects equivalent coverage in writing. (*Id.* at 15). Instead, the Court dismissed the question as moot. (*Id.*).

Nevertheless, the Court noted that the Plaintiff could avoid the Release if the Plaintiff could show misrepresentation, fraud, or mutual mistake. (*Id.* at 14). The use of quotation marks and ellipses on page 14, combined with a failure to delete three words ("undue influence, coercion") in the WHEREFORE paragraph on page 16 (editorial error) misled Defendant into believing that undue influence and coercion were also open issues. (*See id.* at 14, 16; Def.'s Mot. Recons. at 10). Undue influence and coercion are not open issues. In holding misrepresentation, fraud, and mutual mistake open, as well as good faith and fair dealing, the Court relied on the date the New Mexico

[2] The other $25,000.00 was accounted for through the tortfeasor payment.

[3] *See Montaño v. Allstate Indem. Co.*, 92 P.3d 1255 (N.M. 2004).

Court of Appeals decided *State Farm Mut. Auto. Ins. Co. v. Marquez*, 28 P.3d 1132 (N.M. Ct. App. 2001), and portions of Plaintiff's deposition submitted by the Defendant. (Mem. Op. & Order at 14). The Court indicated that more discovery was needed on these issues, but did not reopen discovery. (*See id.* at 14-15). Discovery closed on November 27, 2007. (Scheduling Order [Doc. 13] at 1).

## II. DISCUSSION

### A. Reconsideration of the Memorandum Opinion and Order

#### 1. Standard

The district court has discretion to revise orders at any time prior to entry of final judgment. Fed. R. Civ. P. 54(b); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).

#### 2. The Court Now Reconsiders its Prior Memorandum Order and Opinion

The rulings at issue in this case adjudicated fewer than all the claims, rights, and liabilities of the parties. *See* Fed. R. Civ. P. 54(b). It is the Court's understanding that the amount of damages due to the Plaintiff remains a contested issue. Accordingly, the Court has discretion to revise its prior Memorandum and Opinion. *See Anderson*, 852 F.2d at 1246. Therefore, the Court now exercises its discretion and revisits its prior ruling.

#### 3. Summary Judgment Standard

Once a movant meets its "burden of . . . demonstrati[ng] . . . the absence of a genuine issue of material fact and entitlement to judgment as a matter of law," *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998), "the burden [then] shifts to the nonmovant." *Id.* at 671. The nonmovant must "go beyond the pleadings and set forth" admissible evidence consisting of "specific facts . . . from which a rational trier of fact could find for the nonmovant." *Id.* (citations and internal quotations omitted). The nonmovant must identify these facts with "reference to . . .

deposition transcripts or specific exhibits . . . ." *Id.* (citations omitted). The nonmovant must show more than a mere "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and he must base his evidence "on more than [bare] speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmovant cannot rely purely on "conclusory allegations . . . to defeat . . . a motion for summary judgment." *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

Nevertheless, a court maintains the discretion to deny summary judgment even if there is no genuine issue of material fact. Fed. R. Civ. P. 56 advisory committee's note (citing *Kennedy v. Silas Mason Co.*, 334, U.S. 249, 256-57 (1948)). *But see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). Moreover, courts look to all of "the pleadings, . . . discovery and disclosure materials on file, and any affidavits" to make a summary judgment decision. *See* Fed. R. Civ. P. 56(c).

**4. No Issues of Material Fact Remain as to Misrepresentation, Fraud, Mutual Mistake or Good Faith and Fair Dealing**

Defendant's argument that Plaintiff did not plead the matters of fraud, misrepresentation, mutual mistake, or good faith and fair dealing is well taken. (*See* Def.'s Mot. Recons. at 1). Indeed, though Plaintiff did raise the issue of "negligent or intentional misrepresentations" in Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. 23], he did not raise the

validity of the release in his Complaint [Doc. 1-2]. (*Compare* Pl.'s Resp. Def.'s Mot. Summ. J. at 9 *with* Cmplt. at ¶ 6). Moreover, Plaintiff did not raise any of the aforementioned issues in the discovery plan or the pretrial order (and the parties submitted the pretrial order after Defendant filed the motion for reconsideration). (*See* Joint Status Rep. & Provisional Disc. Plan [Doc. 8]; Order Adopting Joint Status Rep. & Provisional Disc. Plan [Doc. 14]; Pretrial Order [not yet docketed]; *compare* Def.'s Mot. Recons. at 2 *with* Scheduling Order at 2).

Defendant's argument that Plaintiff failed to come forward with evidence of fraud, misrepresentation, mutual mistake, or breach of the covenant of good faith and fair dealing is also well taken. The Memorandum Opinion and Order cites portions of the Plaintiff's deposition <u>provided by the Defendant</u> in its Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgement [Doc. 35]. (*See* Mem. Op. & Order at 14; Ex. 11 to Mem. Opp'n Pl.'s Mot. Partial Summ. J., Dep. John G. Loehr [Doc. 35-2]). In other words, the Plaintiff did not "go beyond the pleadings and set forth specific facts . . . identified by reference to affidavits, deposition transcripts or specific exhibits . . . ." *See Adler*, 144 F.3d at 671 (internal quotations and citations omitted). Instead, Plaintiff relied on impermissible conclusory allegations in his Response to Defendant's Motion for Summary Judgment. *See White*, 45 F.3d at 363. (*See also* Pl.'s Resp. Def.'s Mot. Summ. J at 9).

Furthermore, Plaintiff did not take advantage of numerous other opportunities to provide this Court with evidence of fraud, misrepresentation, mutual mistake, or breach of the covenant of good faith and fair dealing. For instance, Plaintiff never sought to amend his complaint, even after the close of discovery. (*See* Joint Status Rep. & Provisional Disc. Plan at 3). Furthermore, Plaintiff never sought leave to reply to Defendant's Answer [Doc. 3], *see* Fed. R. Civ. P. 7(a)(7), nor did he

come forth with any evidence in his Response to Defendant's Motion for Reconsideration or, in the Alternative, Motion to Enforce Settlement Agreement and Release [Doc. 43].

Finally, even though Plaintiff did not need clear and convincing evidence of fraud, misrepresentation, or mutual mistake at the summary judgment stage, Plaintiff did need to come forth with some evidence indicating he could persuade a jury to find in his favor on those issues. No such allegations were pled and no such evidence has been produced. Furthermore, although the law permitted the Court to cite portions of Plaintiff's deposition provided by Defendant as evidence of material questions of fact, upon further review, the Court is now persuaded that there remains no genuine issue of material fact as to misrepresentation, fraud, mutual mistake, or good faith and fair dealing. (*See* Ex. A to Mem. Supp. Def.'s Mot. Recons [Doc. 42], Dep. John G. Loehr). Accordingly, the Court **GRANTS** summary judgment to the Defendant on the matters of fraud, misrepresentation, mutual mistake, and good faith and fair dealing.

**B. Enforcement of the Release**

**1. Standard**

The Tenth Circuit does not appear to have articulated a standard for the enforcement of a release where the parties entered into the settlement prior to engaging in litigation before any court. Nevertheless, state law governs the enforceability of a settlement agreement. *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000). As noted in the Court's prior opinion, "New Mexico law favors settlement, especially where the insured is represented by counsel." (Mem. Op. & Order at 13). *See also Battishill v. Farmers Alliance Ins. Co.*, 127 P.3d 1111, 1114 (N.M. 2006); *Gonzales v. Atnip*, 692 P.2d 1343, 1349 (N.M. Ct. App. 1984); *Hendren v. Allstate Ins. Co.*, 672 P.2d 1137, 1139 (N.M. Ct. App. 1983); *Ratzlaff v. Seven Bar Flying Serv., Inc.*, 646 P.2d 586, 591 (N.M. Ct. App. 1982). Moreover, "courts have a duty to enforce settlement agreements," (Mem.

Op. & Order at 5-6); *Bd. of Educ. for Carlsbad Mun. Schools. v. N.M. State Dep't of Pub. Educ.*, 993 P.2d 112, 115 (N.M. Ct. App. 1999), unless the agreement is ambiguous, *see Montoya v. Villa Linda Mall, Ltd.*, 793 P.2d 258, 259 (N.M. 1990).

### 2. The Court Enforces the Release

The Court has already found the Release to be unambiguous. (Mem. Op. & Order at 12-15). Accordingly, the Court hereby **ENFORCES** the Release.

## III. CONCLUSION

The Court is persuaded that no material issues of fact were raised or remain as to the questions of misrepresentation, fraud, mutual mistake, or good faith and fair dealing. As such, the Court now **GRANTS** Defendant summary judgment on those matters. Additionally, because the Court has already declared the Release to be unambiguous, the Court hereby **ENFORCES** the Release.

**IT IS SO ORDERED.**

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**